THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK Appellant, *v.* MATTHIAS SUITER *et al.*, Respondents.

*Court of Appeals, January* 20, 1892.

*Evidence. Comparison.*—Under the provisions of chap. 36 of 1886, as amended by chap. 555 of 1888, a party to an action against whom a claim is made, founded upon an instrument alleged to have been executed by him, which he disputes, has a right to introduce in evidence other writings, satisfactorily proved to have been executed by him, for the purpose of comparison.

Appeal from judgment of the supreme court, general term, fourth department, reversing judgment of foreclosure in favor of plaintiff rendered at special term.

*William G. Tracy,* for appellant.

*George H. Sears,* for respondents.

EARL, J.—At the date of the quit-claim deed claimed to have been executed by Matthias and his wife to the widow and two daughters, and also by them, the widow was upwards of seventy-three years old, and the daughter Ann was a cripple, having been born without arms, and neither she nor her mother could write. The whole farm at that time,

only one-half of which was conveyed to them by Matthias and his wife was probably not worth more than the amount of the mortgage. It does not appear that the widow and two daughters had any benefit whatever from the money loaned upon the mortgage, or that they had anything whatever to do with the loan. At the time of the execution by Matthias of the deed he was not living with his mother and sisters, and had not been for years; and it does not appear what his relations with them were. It is in the highest degree improbable that the widow and two daughters would consciously and intelligently, for a conveyance of one-half of the farm, assume the payment of the mortgage subordinating their interests in the farm, their only means of support, to the lien of the mortgage; and it would seem that very strong proof ought to be produced that they were fairly and honestly treated and advised before such an instrument should be given operation against them.

Upon the trial of the action the claim of the plaintiff was that the defendant Mary A. Suiter had written her own signature and the signatures of her mother and sister Ann to the deed, and that then her mother and sister had each made her mark. She testified positively that she did not write the signatures; that she did not acknowledge the deed, and that she never heard of the deed until about the commencement of this action, when it was found in the county clerk's office by her attorney. The widow and the daughter Ann also testified that they did not execute the deed or acknowledge it. The defendants called expert witnesses who testified by comparison of the signatures on the deed with the signature of Mary A. Suiter to the verification of her answer in this action, that the signatures upon the deed were not written by the same person who wrote the name to such verification. The plaintiff called an expert witness who testified that he believed that the three signatures were written by the same person who wrote the name of Mary A. Suiter to the affidavit upon the answer to the complaint; and the plaintiff also

gave some evidence of statements made by the widow, and also upon her cross-examination, tending to show that the deed was actually executed and delivered to her.

While the defendants were putting in their evidence upon the trial, and for the purpose of having a larger number of Mary A. Suiter's genuine signatures in evidence for comparison with the alleged forged signatures, she produced a signature which she said she had written two years before ; and the defendants' counsel offered to put it in evidence. Plaintiff's counsel objected to it as incompetent, immaterial and improper, and on the further ground that it was written with a pencil. The trial judge then remarked: " I don't think the signature of a party written on a loose scrap of paper at some time or another should be put in evidence. I will sustain that objection. It would be a dangerous rule to adopt. I will sustain the objection on that particular piece of paper." The same witness then produced two of her signatures written, one fourteen and the other twelve or thirteen years before the trial, and testified that she had written them at the times mentioned ; and defendants' counsel offered to put them in evidence for the purpose of comparison.

Plaintiff's counsel objected to them on the same grounds as before, and the trial judge said " I will exclude the evidence and give you an exception. I don't think this evidence is either admissible or safe." It will be observed that these three signatures were not excluded upon the ground that they were not sufficiently proved, or that the judge was not satisfied that they were genuine. We agree with the general term that these signatures should have been received in evidence for comparison. They would have given to the expert witnesses a wider range for comparison. As it was, the only signatures they had for comparison with the alleged forged signatures were the signatures of Mary A. Suiter to her affidavit upon the answer, and the signature of Ann Suiter to her affidavit upon her answer in this action, which was written by Mary A. Suiter. So that there was in evi-

Opinion of the Court, by EARL, J.

dence for comparison only one signature of the name of Mary A. Suiter, with which the experts could compare the alleged forged signature. We think the range of comparison was altogether too narrowly limited, and that it could not be thus arbitrarily confined. It cannot be said that the exclusion of this evidence was harmless. It was rendered competent by the act, chapter 36 of the Laws of 1880, as amended by the act, chapter 555 of the Laws of 1888, and whatever the views of the trial judge may have been as to its value or safety, he should have received it.

For the rejection of this evidence the judgment was properly reversed at the general term, and its order should be affirmed and judgment absolute rendered against the plaintiff, with costs.

All concur (FINCH, J., in result), except PECKHAM, J., not sitting.

---

NOTE.

See further, McKay *v.* Lasher, 50 Hun, 383 ; Bruyn *v.* Russell, 52 Id. 17; Mut. L. Ins. Co. *v.* Suiter, 60 Id. 576 ; First Nat. Bk. *v.* Hyland, 53 Id. 108; McKay *v.* Lasher, 121 N. Y. 477; Dryer *v.* Brown, 52 Hun, 321 ; Peck *v.* Callaghan, 95 N. Y. 73; Ludlow *v.* Warshing, 108 Id. 520; Miles *v.* Loomis, 75 Id. 288. People *v.* DeKroyft, 49 Hun, 71 ; Winnie *v.* Tousley, 36 Id. 190.